IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID NATHANIEL JONES | * | |
| Petitioner | | |
| | * | |
| v. | * | Civil Action No. DKC-11-280 |
| | | Criminal No. DKC-02-0077 |
| UNITED STATES OF AMERICA | * | |
| Respondent | | |
| | *** | |

## MEMORANDUM OPINION

Currently pending is David Nathaniel Jones's ("Jones") "Motion for Modification of Petitioner's Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and 2D1.1 Under Amendment 591 to Section 2X1.1 U.S.S.G."   The Motion has alternatively been treated as Jones' Motion to Vacate.[1] For the reasons stated herein, the Motions ARE DISMISSED.

## I.     Background

On October 2, 2002, Jones was found guilty of four counts of distributing five grams or more of cocaine base, one count of possessing with intent to distribute fifty grams or more of cocaine base, and one count of possessing with intent to distribute 500 grams or more of cocaine. On January 6, 2003, Jones was sentenced to a total of 210 months in the Bureau of Prisons, to be followed by a cumulative five years of supervised release.   The convictions were affirmed on appeal.   *See Jones v. United States*, No. 03-4077, 2004 WL 350930 (4th Cir. February 26, 2004).

---

[1]     The Government has filed a Motion to Dismiss.   ECF No. 219.   It argues that as Jones has already received relief under § 3582(c)(2), he is not entitled to a "second bite of the apple."   *Id*.

## II.    Discussion

On October 1, 2004, Jones filed his first Motion to Vacate, raising two claims going to ineffective assistance of counsel and unlawful enhancement of sentence in violation of his Sixth Amendment right to a trial by jury.[2] ECF No. 163.   On March 28, 2008, the Motion was denied with prejudice.   ECF Nos. 190 & 191.   Jones did not appeal that judgment.

In October of 2008, the Office of the Federal Public Defender was appointed for limited purposes of conducting a preliminary review of Jones's eligibility for a reduction of sentence under Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G.") (the "crack amendment"). ECF Nos. 211-216.   Upon Jones's motion, a two-level sentence reduction was granted under 18 U.S.C. § 3582(c)(2) on September 8, 2009, and Jones's sentence was reduced to a 168-month term, concurrent on all six counts.   ECF No. 217.

## III. Analysis

Although the instant pleading is styled as a 18 U.S.C. § 3582 motion, it challenges the constitutionality of Jones's sentence as it alleges that his sentence was unlawfully enhanced, imposed without jurisdiction of the United States, and handed down "in excess of the maximum authorized by the law." ECF No. 218. Jones argues that these claims provide "a basis for collateral attack."    Jones is raising a direct attack on his 2003 sentence; as such, the paper is properly considered a successive 28 U.S.C. § 2255 motion.   Indeed, within the body of his papers Jones indicates that he is "submitting this motion to vacate, set aside, or correct the conviction and illegal sentence."   ECF No. 218 at p. 7.  A second or successive section 2255 petition may not be filed

---

[2]        Jones claimed that his sentence was unlawfully enhanced because the court applied a  two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice.

absent authorization to do so from the Court of Appeals. *See* 28 U.S.C. §§ 2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*).  Without such authorization, the district court lacks jurisdiction to hear the claims.  *See United States v. Winestock*, 340 F.3d 200, 208-209 (4th Cir. 2003).  As the authorization for filing a successive action exclusively lies in the circuit courts, this court is without jurisdiction to grant or deny same.  The court-construed motion to vacate shall be dismissed.

Further, to the extent that Jones is seeking a further reduction of sentence under "newly passed law by congress" he is not entitled to relief.  A court may not modify a term of imprisonment once has been imposed unless statutorily prescribed exceptions apply.  *See* 18 U.S.C. §3582 (c).  Under 18 U.S.C. § 3582(c) a sentence may be modified where: 1) the sentencing range has subsequently been lowered by the United States Sentencing Commission pursuant to 28 U.S.C. § 994 ... [and] after considering the factors set forth in section 3553(a)... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; 2) on motion of the Director of the Bureau of Prisons for "extraordinary or compelling reasons;" or 3) on motion of the Director of the Bureau of Prisons where the defendant is at least seventy years of age, has served at least thirty years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c), and is determined not to endanger others.  *See id.*

The circumstances presented by Jones do not meet the criteria for modification.  He seeks modification pursuant to U.S.S.G. § 2D.1 "under Amendment 591 to  § 2X1.1."  A criminal may move for modification of his sentence if a sentencing range has subsequently been lowered by the U.S.S.G. pursuant to 28 U.S.C. § 944(o).  If Jones is referencing Amendment 591 to the U.S.S.G., his argument is in error.  Amendment 591, effective November 1, 2000, applies to enhancements

3

under U.S.S.G. § 2D1.2 and revised two sections of the Guidelines to clarify that the sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction, without regard to the relevant conduct. *See United States v. Gonzalez,* 304 Fed. Appx. 739 (10th Cir. 2008). Amendment 591 does not apply in Jones's case. Further, if Jones is alluding to the crack amendment, he has already been afforded relief under the retroactive application of Amendment 706 to the United States Sentencing Guidelines related to a cocaine base ("crack") sentence under 2D.1.1(c). If Jones is seeking a reduction of sentence under the Fair Sentencing Act of 2010 ("FSA"),[3] there is no provision in the new law to make it retroactive to defendants who committed their offenses before August 3, 2010. Therefore, the Motion for Reduction of Sentence shall be dismissed.[4]

---

[3]     "With respect to drug-trafficking offenses, the Sentencing Guidelines establish a defendant's base offense level according to the type and weight of the drug. *See* USSG §§ 2D1.1(a), (c). When the Commission first promulgated the Guidelines in 1987, it adopted the 100-to-1 ratio selected by Congress in setting mandatory minimum sentences in the Anti-Drug Abuse Act of 1986, 100 Stat. 3207. Under that framework, the Commission "treated every gram of crack cocaine as the equivalent of 100 grams of powder cocaine." *Kimbrough v. United States,* 552 U.S. 85, 96 (2007). The Commission later sought to alleviate the disparity produced by this ratio. After several failed attempts at reform, *see id.,* at 99, the Commission in 2007 amended the Guidelines to reduce by two levels the base offense level associated with each quantity of crack cocaine. *See* USSG Supp.App. C, Amdt. 706. (effective Nov. 1, 2007). In 2008, the Commission made that amendment retroactive. *See id.,* Amdt. 713 (effective Mar. 3, 2008)." *Dillon v. United States,* 130 S.Ct. 2683, 2688 (U.S. June 17, 2010). On August 3, 2010, the Fair Sentencing Act of 2010 ("FSA") was signed into law by President Obama, reducing the ratio to 18-to-1.

[4]     Because Congress has not decided that the FSA 18-to-1 ratio will apply retroactively, this court cannot grant Jones any further sentence reduction at this time. *See Dillon,* 130 S.Ct. at 2688 (" *When the Commission makes a Guidelines amendment retroactive,* 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision.") (emphasis added). The U.S. Sentencing Commission is, however, promulgating guidelines to implement the new law. Jones is advised that should the Commission make the Guidelines amendment under the FSA retroactive, he may file a new motion under 18 U.S.C. § 3582(c).

**III.** **Conclusion**

Accordingly, the Court hereby DISMISSES Jones's Motions.   In light of this decision,

the Government's Motion to Dismiss shall be denied as moot.  A separate Order follows.[5]


Date:   March 4, 2011                                              /s/
                                                        DEBORAH K. CHASANOW
                                                        United States District Judge

---

[5]        The Clerk shall mail Jones the instructions and form packet for filing a motion under 28
U.S.C. § 2244 (authorization for District Court to consider second or successive application for relief).